1
2
3
4
5
6          IN THE UNITED STATES DISTRICT COURT
7              FOR THE DISTRICT OF ARIZONA
8
9 | Lewis John Houston,                    )    No. CV 05-3621-PHX-ROS
                                           )
10 |        Plaintiff,                      )    **ORDER**
                                           )
11 | vs.                                    )
                                           )
12 |                                        )
   | Joseph Arpaio,                         )
13 |                                        )
   |        Defendant.                      )
14 |                                        )
   |                                        )
15
16
17          Pending before the Court is Magistrate Judge Jacqueline Marshall's Report and

18 Recommendation (R&R) (Doc. 11) regarding Defendant Joseph Arpaio's Motion to Dismiss.

19 (Doc. 9) Judge Marshall recommends that the Court grant Defendant's Motion to Dismiss.

20 For the reasons stated below, the Court will adopt the R&R in part, reject in part, and grant

21 Defendant's Motion To Dismiss.

22 **I.      Background**

23          Plaintiff was booked into the Maricopa County jail on August 21, 2005. (Doc. 9) On

24 October 17 or 18, 2005, Plaintiff was released to the Arizona Department of Corrections.

25 (Compare Doc. 9 with Doc. 12)  Plaintiff filed this action on November 10, 2005, pursuant

26 to 42 U.S.C. § 1983. (Doc. 1)  Plaintiff alleges Defendant violated his constitutional rights

27 by subjecting him to overcrowded, unsanitary conditions.  (Doc. 1)

28

1    The Maricopa County Sheriff's Office has policies in place which provide for prisoner
2    grievances to be filed and administrative appeals to be made. (Doc. 9) The administrative
3    process requires that a prisoner submit a grievance on a grievance form to detention
4    personnel. (Doc. 9) If the issue remains unresolved, the grievance is sent to the shift
5    supervisor. If the shift supervisor is unable to resolve the complaint, it is forwarded to a
6    hearing officer. (Doc. 9) If the prisoner is not satisfied with the hearing officer's decision,
7    he may file an Institutional Grievance Appeal to be heard by the jail commander. (Doc. 9)
8    If he disagrees with the decision of the jail commander, the prisoner must then file an
9    External Grievance Appeal. (Doc. 9)

10    Plaintiff filed his initial grievance with the Maricopa County Jail for overcrowded jail
11    conditions on October 11, 2005. (Doc. 12) Plaintiff was transferred to the Arizona State
12    Prison on October 16, 2005. (Id.) Plaintiff never filed an External Grievance Appeal. (See
13    Id.) Defendant filed a Motion to Dismiss on February 21, 2006. (Doc.9) Plaintiff made no
14    response to that motion, despite a Notice from this Court warning Plaintiff to respond to the
15    Motion to Dismiss by March 21, 2006. (Doc. 10) On March 31, 2006, Magistrate Judge
16    Marshall recommended dismissing the case with prejudice based on Plaintiff's failure to
17    timely respond to the Motion to Dismiss. (Doc. 11) On April 13, 2006, Plaintiff responded
18    with a document entitled "Motion to Continue and Dismiss Recommendation to Dismiss."
19    (Doc. 12) The Court will treat that document as an objection to the R&R. On May 1, 2006,
20    Defendant filed a "Response to Plaintiff's Motion to Continue and Dismiss Recommendation
21    to Dismiss." (Doc 13).

22  **B.    Analysis**

23    The Magistrate Judge recommends granting Defendant's Motion to Dismiss for failure
24    to prosecute his case. (Doc. 11) It now appears that Plaintiff desires to prosecute his case,
25    as he filed an objection to the R&R. (Doc. 12) Therefore, the Magistrate Judge's
26    recommendation to dismiss for failure to prosecute will be rejected but the Court will dismiss
27    for other reasons.

28

1    The Prison Litigation Reform Act of 1995 (PLRA) requires "exhaustion of available
2    remedies" before "any suit challenging prison conditions." Woodford v. Ngo, No. 05-416,
3    2006 WL 1698937, at *2 (June 22, 2006).   In Woodford, a prisoner filed a grievance
4    regarding his living conditions which was rejected by prison officials for being untimely. Id.
5    The Supreme Court determined that the PLRA requires "proper exhaustion," meaning that
6    "a prisoner must complete the administrative review process in accordance with the
7    applicable rules, including deadlines, as a precondition to bringing suit in federal court." Id.
8    A claim is not exhausted simply because "administrative remedies are no longer available."
9    Id.

10    Here, Plaintiff admits he did not file an external appeal.  Thus, Plaintiff did not
11    properly exhaust his administrative remedies. (Doc. 12)  Because Plaintiff did not properly
12    exhaust his administrative remedies the PLRA requires the case be dismissed.

13    Accordingly,

14    **IT IS ORDERED** that Magistrate Judge Marshall's Report & Recommendation (Doc.
15    11) to grant Defendant's Motion to Dismiss is **ADOPTED IN PART and REJECTED IN**
16    **PART** as set forth in this order.

17    **IT IS FURTHER ORDERED** Defendant's Motion to Dismiss (Doc. 9) is
18    **GRANTED** and this case shall be **DISMISSED WITH PREJUDICE**.

20    DATED this July 5, 2006.

Roslyn O. Silver
United States District Judge

- 3 -